IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOANNE CHRISTINE MAGALON,** | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 14-5258 |
| | : | |
| **CAROLYN W. COLVIN,** | : | |
| Defendant. | : | |

## ORDER

This 30th day of June, 2016, upon consideration of Plaintiff's Request for Review and Defendant's Response thereto, and after careful review of the Report and Recommendation of the Magistrate Judge, for the reasons that follow, it is hereby **ORDERED** that the Claimant's Request for Review is **GRANTED,** and the Magistrate's Report & Recommendation is **adopted** in part, but modified as follows:

1. This matter is **REMANDED** as recommended by the Magistrate for further consideration of whether a particular aspect of Plaintiff's treatment regimen is necessary and, if so, the effect it has on her residual functional capacity ("RFC") and the vocational base; and

2. This matter is further **REMANDED** for more detailed and specific consideration as to whether the opinions of the treating psychologist and therapist are entitled to controlling weight pursuant to 20 C.F.R. § 416.92(c)(2), for the reasons that follow.

Under *Fargnoli v. Massanari,* 247 F.3d 34, 43 (3d Cir. 2001), an Administrative Law Judge (ALJ) must consider and explain her reasons for rejecting relevant evidence. "In choosing to reject the treating physician's assessment, an ALJ may not make 'speculative inferences from

1

medical reports' and may reject 'a treating physician's opinion outright only on the basis of contradictory medical evidence' and not due to his or her own credibility judgments, speculation or lay opinion." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted).  The record does not reflect that the ALJ adequately considered the length and intensity of the therapeutic relationship between claimant and her primary caregivers Barry Jacobs, PsyD, and Melanie O'Neill.  The outpatient nature of the relationship cannot be deemed dispositive where inpatient treatment was strongly recommended, particularly where a claimant's parental responsibilities would necessarily limit opportunities for inpatient treatment.  Nor can the claimant's ability to fulfill her parental responsibilities for her four children be deemed conclusive where there is substantial evidence that her ability to cope is the result of a strong support network, which was not specifically considered by the ALJ.  *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, ¶ 12.00(C)(1).  Finally, I agree with claimant that the assessment conducted by the state agency reviewer, Sandra Banks, PhD, cannot form the basis for rejecting the opinions of the treating therapists, where the ALJ did not address that review.  For these reasons, I also remand for reconsideration of the weight to be applied to the assessment provided by Dr. Jacobs and Ms. O'Neill.

    /s/ Gerald Austin McHugh
United States District Court Judge